UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-mc-00092-RJC-SCR

| UNITED STATES OF AMERICA, |
| Plaintiff, |
| v. |
| YELENA PANKO, |
| Defendant. |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the "Petition of the United States of America For Summary Enforcement of Civil Investigative Demand 23-20" (the "Petition"), filed pursuant to 31 U.S.C. § 3733(j), and seeking summary enforcement of Civil Investigative Demand 23-20 (the "CID") issued to Yelena Panko. (Doc. No. 1). The Petition has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition. Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends the Petition be granted.

According to the Petition, in January 2023, the United States issued the CID to Panko, seeking documents and information related to an investigation. Doc. No. 1-2 ¶ 4, Ex. A-1. Consistent with 31 U.S.C. § 3733, the CID required Panko to produce responsive documents under a sworn certificate of compliance and give oral testimony. Id. ¶¶ 3, 6; Doc. No. 1-2 Ex. A; see 31 U.S.C. § 3733(f), (h). Panko did not respond to the CID with a sworn certificate of compliance and did not give oral testimony as required by the CID. Doc. No. 1-2 ¶¶ 3-12. Panko did not file a motion to set aside or modify the CID. Id. ¶ 12; see 31 U.S.C. § 3733(j)(2).

Consequently, the United States filed the Petition seeking enforcement of the CID pursuant to 31 U.S.C. § 3733(j). Doc. No. 1. The Court issued a Show Cause Order requiring the United States to serve Panko with the Petition, all accompanying documents, and the Court's Show Cause Order, in accordance with Federal Rule of Civil Procedure 4, as well as overnight delivery. Doc. No. 3. The United States served Panko as required by the Show Cause Order. Doc. No. 6.

Thereafter, the Court held a show cause hearing on the United States' Petition on August 3, 2023 (the "Show Cause Hearing"). At the Show Cause Hearing, both parties appeared, and the Court heard from the United States and Panko.[1] At the Show Cause Hearing, Panko did not contest the United States' allegations that she failed to respond to the CID in the manner required in the CID. Specifically, Panko did not dispute that she failed to provide sworn certificate of compliance or that she did not give oral testimony. Instead, she argued that she sufficiently responded to the CID by email and a letter because she did not believe that she had responsive information to provide. However, as the Court noted at the Show Cause Hearing, such responses were insufficient to comply with the CID and 31 U.S.C. § 3733. Accordingly, after carefully considering the record, applicable authority, and arguments made by the parties at the August 3 Show Cause Hearing, the undersigned respectfully recommends that the Petition be <u>granted,</u> and the CID be enforced.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the Petition of the United States of America For Summary Enforcement of Civil Investigative Demand 23-20 (Doc. No. 1) be **GRANTED**. The undersigned further respectfully recommends that Defendant Panko be **ORDERED** pursuant to 31 U.S.C. § 3733 to promptly comply with CID 23-

---

[1] Panko appeared *pro se* at the Show Cause Hearing. At the start of the Show Cause Hearing, the Court explained the serious nature of the CID and Petition to Panko and informed Panko that the Court would consider continuing the Show Cause Hearing if Panko were inclined to obtain counsel before being heard on the Petition. Panko indicated she understood and informed the Court that she wished to proceed *pro se* at the August 3 show cause hearing.

20, including providing a sworn certificate of compliance and oral testimony as prescribed by 31 U.S.C. § 3733. It is further respectfully recommended that in the event that Defendant Panko complies with this Memorandum and Recommendation before the Memorandum and Recommendation is ruled upon that the Petition be **DENIED as moot**.

Unless the district judge orders otherwise, Defendant Yelena Panko is <u>warned</u> that if she continues to fail to comply with the CID, the United States may seek sanctions and/or a finding of civil contempt.

### TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life & Acc. Ins. Co</u>., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Id.</u> "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" <u>Martin v. Duffy</u>, 858 F.3d 239, 245 (4th Cir. 2017) (quoting <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to the <u>pro se</u> Defendant, to counsel for the Government, <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO RECOMMENDED**.

Signed: August 25, 2023

Susan C. Rodriguez
United States Magistrate Judge